**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| **BILLY JOE REED, individually** | **PLAINTIFFS** |
| **and on behalf of the wrongful death** | |
| **heirs of Robert Earl Reed, deceased;** | |
| **NORMA GAYLE REED; and** | |
| **ROBERT EARL REED, JR.** | |
| | |
| **V.** | **NO. 4:26-CV-9-DMB-DAS** |
| | |
| **ASHLEY M. AMBROSE; and** | |
| **ROEHL TRANSPORT, INC.** | **DEFENDANTS** |

**OPINION AND ORDER**

The plaintiffs, all heirs-at-law of Robert Earl Reed, claim Robert was killed by a motorist due to the negligence of Ashley M. Ambrose and her employer Roehl Transport, Inc. Roehl moves for judgment on the pleadings as to the direct negligence claims against it. Because the complaint fails to state a direct negligence claim against Roehl, and because Roehl admitted it would be vicariously liable for any negligence by Ambrose, the motion for judgment on the pleadings will be granted.

**I
Procedural History**

On November 13, 2025, Billy Joe Reed, individually and on behalf of the wrongful death heirs of Robert Earl Reed ("Robert Sr."), deceased; Norma Gayle Reed; and Robert Earl Reed, Jr., filed a complaint in the Circuit Court of Montgomery County, Mississippi, against Ashley M. Ambrose and Roehl Transport, Inc. Doc. #2. Alleging Robert Sr. was struck and killed by a passing motorist due to Ambrose's negligence in parking a tractor trailer owned by Roehl, the plaintiffs claim negligence by both Ambrose and Roehl, and that all acts of negligence by Ambrose, "an employee and/or agent of Roehl … acting within the course and scope of her

employment," "are imputed to … Roehl." *Id.* at PageID 20, 21–22. On January 6, 2026, Roehl filed its answer and affirmative defenses, including as affirmative defenses that the complaint "fail[s] to state a claim upon which relief can be granted," and "[t]o the extent Plaintiffs seek to state a direct negligence claim against [it], those claims are invalid under Mississippi law where vicarious liability is admitted." Doc. #5 at 2, 3. Asserting diversity jurisdiction,[1] the defendants removed the case to the United States District Court for the Northern District of Mississippi on January 22, 2026. Doc. #1.

On April 20, 2026, Roehl filed a "Motion for Judgment on the Pleadings as to Certain Claims," specifically, as to the direct negligence claims against it. Doc. #15. The plaintiffs did not respond to the motion.

**II**
**Standard**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard to evaluate a motion under Rule 12(c) is the same as a motion under Rule 12(b)(6). *Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022). For a complaint to survive a Rule 12(c) motion, it must "contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). But the Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (internal quotation marks omitted) (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010)).

---

[1] The defendants assert in their notice of removal that "[t]his case has only become removable and subject to this Court's jurisdiction when the Plaintiffs clearly and unequivocally denied that they would not accept an award greater than $75,000 on January 19, 2026." Doc. #1 at 3.

**III**
**Factual Allegations**

On October 18, 2022, Robert Earl Reed was driving his Dodge Ram pickup north on Interstate 55 in Montgomery County.  Doc. #2 at PageID 20.  Ashley M. Ambrose, an employee of Roehl Transport, Inc., was operating a Freightliner tractor trailer rig owned by Roehl, proceeding north on Interstate 55 ahead of Reed.  *Id*.  Ambrose saw an object on the roadway, stopped driving, and parked the tractor trailer on the inside left northbound lane of Interstate 55.  *Id*.  Robert Sr. could not stop in time to avoid hitting the tractor trailer.  *Id*.  When Robert Sr. exited his vehicle to assess his damage and warn other drivers of the parked rig, he was struck and killed by another motorist.  *Id*.

**IV**
**Analysis**

Roehl submits that "Plaintiffs' Complaint contains separate, additional, speculative, unsupported, and improper allegations of direct negligence against [it] that are devoid of factual support and do not meet the controlling *Twombly/Iqbal* pleading standard;" and "because [it] has admitted that it would be vicariously liable for the negligence, if any, of [Ambrose], any negligent hiring/retention/entrustment claims are improper and must be dismissed as a matter of law."  Doc. #15 at 1.

**A.  Failure to State a Claim**

Roehl argues that the plaintiffs fail to state a claim for direct negligence against it because "[t]here are no supporting facts for any of the [direct] negligence allegations … against [it];" the direct negligence claims against it "contain nothing more than incomplete facts, recitals of law and conclusory statements that are not enough to establish a claim;" and "Plaintiffs asserted a broad list of alleged failures by [it] but fail to provide a single supporting fact as to whether those

allegations actually occurred, or how or why the same would matter in this case." Doc. #16 at 6–7, 8.

The only allegation of wrongful conduct attributable to Roehl in the complaint is that it "fail[ed] wholly to supervise, manage, train and/or instruct Ashley Ambrose regarding reasonable and ordinary care in the operation of the motor vehicles owned by Roehl, so as to constitute negligence." Doc. #2 at PageID 21. Because these allegations are conclusory, and the complaint otherwise is devoid of factual allegations sufficient to state a plausible claim for negligent supervision, management, training, or instruction against Roehl, judgment will be granted in Roehl's favor as to the direct negligence claims.

### B. Admission of Vicarious Liability

Roehl argues that "[b]ecause [it] has admitted it would be vicariously liable for the simple negligence of Ambrose, if any, it is well-settled within the federal district courts in this State that any direct negligen[ce] claims, including claims for negligent hiring/retention/entrustment, fail as a matter of law." Doc. #16 at 8.

"[F]ederal courts in Mississippi have regularly held that when vicarious liability is not disputed, 'all direct negligence claims against the employer, such as negligent hiring, training, retention, entrustment, supervision, and maintenance, are due to be dismissed.'" *Webster v. Builders Transp. Co.*, No. 4:21-cv-7, 2022 WL 604239, at *2 (N.D. Miss. Feb. 28, 2022) (quoting *Clark v. Lard Oil Co.*, No. 2:18-cv-109, 2019 WL 5802379, at *3 (S.D. Miss. Sep. 6, 2019); and citing *Dinger v. Am. Zurich Ins. Co.*, No. 3:13-cv-46, 2014 WL 580889, at *2 (N.D. Miss. Feb. 13, 2014), and *Coleman v. Swift Transp. Co. of Ariz., LLC*, No. 3:13-cv-3, 2014 WL 3533322, at *5 (N.D. Miss. July 16, 2014)). In its answer, Roehl admits that "Ambrose … was driving within the course and scope of her employment with [it] at all relevant times in the Plaintiffs' Complaint

4

such that [it] would be vicariously liable for the negligent acts, if any, committed by Ambrose." Doc. #5 at 4. Given this admission by Roehl, judgment on the pleadings as to the plaintiffs' direct negligence claims against Roehl will be granted for this reason as well.

**V**
**Conclusion**

As to the direct negligence claims against Roehl, Roehl's motion for judgment on the pleadings [15] is **GRANTED**.

**SO ORDERED**, this 22nd day of May, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

5