**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BILLY JOE REED, individually and on behalf of the wrongful death heirs of Robert Earl Reed, deceased; NORMA GAYLE REED; and ROBERT EARL REED, JR.** **PLAINTIFFS**

**V.** **NO. 4:26-CV-9-DMB-DAS**

**ASHLEY M. AMBROSE; and ROEHL TRANSPORT, INC.** **DEFENDANTS**

**ORDER**

On November 16, 2026, the defendants filed (1) a motion for summary judgment, Doc. #49, attaching as Exhibit A a 336-page "Defendants' Itemization of Undisputed Facts," Doc. #49-1; (2) a 22-page memorandum, Doc. #50, in support of the summary judgment motion; and (3) as a separate docket item "Defendants' Itemization of Undisputed Facts," Doc. #48, attaching to it ten exhibits[1] which total 336 pages.

Neither this Court's Local Rules nor the Federal Rules of Civil Procedure contemplate or authorize the filing of a separate itemization of undisputed facts. L.U. CIV. R. 7(b)(4); *Hicks v. State Farm Fire & Cas. Co.*, No. 4:23-cv-242, 2025 WL 3634354, at *1 (N.D. Miss. Dec. 15, 2025); *Automation Design & Sols., Inc. v. Yeliseyev*, No. 3:08-cv-589, 2012 WL 12974010, at *4 (S.D. Miss. Feb. 29, 2012). Such filings provide an avenue for circumventing the page limits imposed by the Local Rules. *See Landrum v. Conseco Life Ins. Co.*, No. 1:12-cv-5, 2013 WL 6019303, at *15 (S.D. Miss. Nov. 13, 2013) (statement of facts in motion deemed attempt to circumvent page limits). Local Rule 7(b)(2)(B) mandates that "a motion may not exceed four

[1] Docs. #48-1 through #48-10.

pages."[2] And Local Rule 7(b)(5) dictates that a "[m]ovant's original and rebuttal memorandum briefs together may not exceed a total of 35 pages."

Because the substance of the defendants' itemization of undisputed facts should have been incorporated in their memorandum and thus may be construed as an attempt to circumvent Local Rule 7(b)(5)'s total 35-page limit for original and rebuttal briefs, and because attaching the itemization of undisputed facts as an exhibit to the motion for summary judgment may be construed as an attempt to circumvent Local Rule 7(b)(2)(B)'s four-page limit for a motion,[3] both the itemization of undisputed facts [48] filed as a separate docket item and the itemization of undisputed facts [49-1] attached as an exhibit to the summary judgment motion are **STRICKEN**; and the motion for summary judgment [49] is **DENIED without prejudice**. No later than December 7, 2026, the defendants may refile their motion for summary judgment and memorandum in accordance with the Local Rules. If refiled, the motion for summary judgment and memorandum shall not include any new basis for summary judgment, any new evidence, and/or any new legal argument or authorities.

**SO ORDERED**, this 23rd day of November, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

[2] Only "discovery motions under Rule 37" are excepted from Local Rule 7(b)(2)(B).

[3] It is otherwise puzzling why the defendants filed their itemization of undisputed facts twice on the docket, albeit in different ways.